UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Melisa Jenkins.** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:25-cv-449 |
| | : | |
| v. | : | Judge: |
| | : | |
| **Rajib Garu, et al.** | : | Magistrate Judge: |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendants Rajib Garu. ("Garu") and Idealogiz Group, LLC ("Idealogiz Group") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action from the Court of Common Pleas, Hamilton County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division (the "District Court"). In support of removal, Defendants state as follows.

1. On April 3, 2025, Plaintiff Melisa Jenkins ("Plaintiff") filed this action, captioned as *Melisa Jenkins v. Rajib Garu, et al.*, Case No. A 2501678, in the Court of Common Pleas, Hamilton County, Ohio (the "Action").

2. In accordance with 28 U.S.C. §1446(a), Defendants have attached to this Notice of Removal a copy of all pleadings and the docket relative to this case. See Exhibits A (complaint), B (order of court), and C (return of service).

3. The Defendants were served with the complaint on June 3, 2025, as such this is timely filed within 30 days of service as required under 28 U.S.C. § 1446.

4. The complaint alleges in Count 9 of the complaint, violations of the Truth in Lending Act under 15 U.S.C. § 1602, relating to a promissory note that was secured by a residential property owned by Plaintiff.

5. This Court has original jurisdiction over the Truth in Lending Act claim(s) pursuant to 28 U.S.C. § 1331.

6. Plaintiff's state based claims relate to the formation, enforceability, and validity of the promissory note securing the residential property, alleged in the Truth in Lending Act claim. As such, the state-based claims are related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

7. Pursuant to 28 U.S.C. § 1367, this Court has discretion to exercise supplemental jurisdiction over Plaintiff's state-based claims which have been asserted as part of the underlying action.

8. Based on the foregoing, removal is proper under 28 U.S.C. §§ 1331, 1367, and 1441(a).

9. Based on the above, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a).

10. The District Court encompasses Hamilton County, Ohio, pursuant to 28 U.S.C. § 115(b)(2). Accordingly, it is the "District and Division within which [this] action is pending," in accordance with 28 U.S.C. §1441(a), and is therefore the proper venue for removal.

11. Defendants will provide written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal

with the Hamilton County Court of Common Pleas as required by that section. A copy of such notice is attached as Exhibit B.

12. No admission of fact, law, or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses, counterclaims, and motions otherwise available to them, including lack of personal jurisdiction and improper venue.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants hereby remove this Action from the Court of Common Pleas of Hamilton County, Ohio.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano     0100339
Attorney for Defendants
The CMW Law Firm
14 E. Main St.
Fairborn, OH 45324
Tel: (513) 653-0123
tony@cmwlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via US Mail and electronic mail to John H. Phillips., counsel of record for Plaintiff, at his address of record, on July 2, 2025.

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano     0100339