IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| Melisa Jenkins<br>4457 Mellwood Avenue<br>Cincinnati, OH 45232 | : Case No. _____<br>:<br>: |
| Plaintiff,<br>Vs. | : Judge _____<br>:<br>:<br>: |
| Rajib Garu<br>4140 Home Street<br>Cincinnati, OH 45236 | : **COMPLAINT FOR BREACHES OF**<br>: **CONTRACTS, REPLEVIN, CIVIL**<br>: **THEFT, AND FRAUD** |
| And | : **JURY DEMAND ENDORSED HEREON**<br>: |
| Idealogiz Group, LLC<br>Serve: Idealogiz Group, LLC<br>    Attn: Rajib Garu, Statutory Agent<br>    4140 Home Street<br>    Cincinnati, OH 45236 | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

**NOW COMES THE PLAINTIFF MELISA JENKINS,** and for her Complaint against

Defendant Idealogiz Group, LLC and its sole member Defendant Rajib Garu, (collectively, the

"Defendants") and states as follows:

### GENERAL AVERMENTS

1.    Plaintiff Melisa Jenkins is a resident of Hamilton County, Ohio.

2.    Defendant Rajib Garu is a resident of Hamilton County, Ohio.

3.    Defendant Idealogiz Group, LLC is an Ohio Limited Liability Company with its

principal place of business in Hamilton County, Ohio.

4.    Venue is appropriate with this Court as the Plaintiff Melisa Jenkins and the

Defendants either live in Hamilton County, have sufficient contacts with Hamilton County, and

1

the events set forth in the Complaint occurred in Hamilton County, and the real estate at issue in this case is located in Hamilton County, Ohio.

5. This Court has Personal Jurisdiction over all parties set forth in the Complaint.

6. This Court has Subject Matter Jurisdiction over all causes of action set forth in the Complaint.

7. All claims and causes of action set forth herein stem from the same transactions, or related transactions with common facts, are by and between the same or similarly situated parties and involve entities under common ownership.

## BACKGROUND INFORMATION RELATED TO THE CONTRACTS BY AND BETWEEN THE PARTIES.

### A.    THE PROPERTY AT 3464 CHEVIOT, CINCINNATI, OHIO

8. Plaintiff Melisa Jenkins does construction, design, landscaping, and related services for residential properties.

9. Defendant Rajib Garu is a real estate principal broker believed to be licensed in the State of Ohio.

10. Defendant Rajib Garu is the sole member of Idealogiz Group, LLC.

11. On or about January 4, 2021, Defendant Rajib Garu individually entered into an agreement with Plaintiff Melisa Jenkins, a copy of which is attached hereto as Exhibit A.

12. At the time Defendant Rajib Garu entered into the agreement attached hereto as Exhibit A, Defendant Idealogiz Group, LLC is believed to have been under contract to purchase a property with the mailing address 3464 Cheviot, Cincinnati, Ohio.

13. Pursuant to the Agreement between the Plaintiff Melisa Jenkins and Defendant Rajib Garu, Plaintiff Melisa Jenkins would be entitled to purchase the 3464 Cheviot property from Defendant Rajib Garu for a fixed price of $80,000.

2

14.     To finance the renovations to 3464 Cheviot, Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu, agreed to loan Plaintiff Melisa Jenkins $30,000, to be secured by a mortgage on her individual property with mailing address known as 4457 Mellwood Avenue, Cincinnati, OH.

15.     The $30,000 loan was secured by a Promissory Note, Personal Guaranty, and Mortgage, copies of which are attached hereto as Exhibits B, C, and D, respectively.

16.     On or about February 5, 2021, an amendment to the Promissory Note was executed between Plaintiff Melisa Jenkins and Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu, increasing the loan amount to $90,000, as shown in Exhibit E.

17.     Simultaneously, on February 5, 2021, a revised mortgage was filed against the 4457 Mellwood Avenue Property as shown on Exhibit F attached hereto.

18.     The $90,000 borrowed from Defendant Idealogiz Group, LLC, by and through its sole member Defendant Rajib Garu, was used by Plaintiff Melisa Jenkins to renovate the property at 3464 Cheviot, adding appliances, cabinets, fixtures, lighting, doors, windows, and similar home improvements in anticipation of buying and living in the property at 3464 Cheviot.

19.     On May 17, 2021, to protect her investment in 3464 Cheviot Plaintiff Melisa Jenkins, as sole member of her construction company Sustenance Design Cincy, LLC filed a Mechanic's Lien against 3464 Cheviot in the amount of $75,000, a copy of which is attached hereto as Exhibit G.

20.     On or about June 30, 2021, in response to the mechanic's lien, Plaintiff Melisa Jenkins and Defendant Rajib Garu verbally agreed to resolve the mechanic's lien and the mortgage and promissory note.

21.     The verbal agreement regarding the release of the mechanic's lien and the cancellation of the mortgage was reduced to a writing with a caption confirming that it was a Full and Final Release of Claims, a copy of which is attached hereto as Exhibit H.

22.     On June 30, 2021, Plaintiff Melisa Jenkins fulfilled her obligation set forth in Exhibit H, and she released the Mechanic's Lien against 3464 Cheviot as reflected in Exhibit I attached hereto.

23.     On September 13, 2021, instead of selling the 3464 Cheviot property to Melisa Jenkins for $80,000 as promised in Exhibit A, Defendant Idealogiz Group, LLC, by and through its sole member Defendant Rajib Garu, sold 3464 Cheviot to an unrelated third-party, Bayhorse LLC, for $120,000.

24.     Prior to selling 3464 Cheviot property to Bayhorse LLC, Defendant Rajib Garu removed the improvements installed by Plaintiff Melisa Jenkins in the home and repurposed the improvements to other properties owned by Defendant Rajib Garu or Defendant Idealogiz Group, LLC.

25.     Despite the verbal agreement that was set forth in Exhibit I, and relied upon by Plaintiff Melisa Jenkins to her detriment when she released the Mechanic's Lien against 3464 Cheviot, Defendant Ideologiz Group LLC, by and through its sole member Defendant Rajib Garu, has not released the Promissory Note and Mortgage attached to her property at 4457 Mellwood Avenue, Cincinnati, Ohio.

26.     Despite repeated requests to do so, Defendant Ideologiz Group LLC, by and through its sole member Defendant Rajib Garu, has not released the Promissory Note and Mortgage recorded against Plaintiff Melisa Jenkins' property at 4457 Mellwood Avenue, Cincinnati, Ohio.

4

27.    Plaintiff Melisa Jenkins now wishes to sell her property at 4457 Mellwood Avenue, but cannot due to the mortgage placed against her property by the Defendants, which must be released.

28.    Plaintiff Melisa Jenkins has requested a payoff amount for the mortgage by and through a title company that Plaintiff Melisa Jenkins retained to do the closing for the property at 4457 Mellwood Avenue, but the Defendants have refused to provide the information.

29.    Defendant Ideologiz Group LLC, by and through its sole member Defendant Rajib Garu, is obligated to provide and record with the County Recorder a satisfaction for the mortgage as set forth in R.C. 5301.36.

30.    Despite believing that she owes nothing to Defendant Idealogiz Group LLC as to the Promissory Note and Mortgage related to her property at 4457 Mellwood Avenue, Plaintiff Melisa Jenkins has requested a "payoff statement."

31.    Defendant Rajib Garu as the sole member of Defendant Idealogiz Group, LLC is obligated to provide a payoff amount for the mortgage as set forth in 12 C.F.R. 1026.36(C)(3) which states in relevant part:

> (3) Payoff statements. In connection with a consumer credit transaction secured by a consumer's dwelling, a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

32.    Defendant Rajib Garu as the sole member of Defendant Idealogiz Group, LLC has refused to provide a payoff amount for the mortgage as required by 12 C.F.R. 1026.36(C)(3).

33.    As set forth herein, Defendant Ideologiz Group LLC, by and through its sole member Rajib Garu, acted with actual malice, in bad faith, with hatred, ill will, and a spirit of revenge designed and calculated with the intent to harm Plaintiff Melisa Jenkins.

5

B.   CONSTRUCTION AND DESIGN SERVICES

34.   Until May 17, 2021, Plaintiff Melisa Jenkins provided contract work to Defendant Rajib Garu.

35.   The work provided to Defendant Rajib Garu by Plaintiff Melisa Jenkins was not to be considered a gift, and was billed on a per project basis at an agreed upon price as follows:

a.   1636 First Avenue Rehab: design and project management fee of $750

b.   3614 Maria Avenue: design and project management fee of $750

c.   1826 Pleasant Avenue: design and project management fee of $750

d.   1218 Purcell Rehab: design and project management fee of $750

e.   1242 Quebec Rehab: design and project management fee of $750

f.   1118 Carson Rehab: design and project management fee of $750

g.   206 Clinton Springs Rehab: design and project management fee of $750

h.   2905 Cavanaugh Rehab: design and project management fee of $750

i.   1607 Minion Rehab: design and project management fee of $750

j.   5009 Limberlost Rehab: design and project management fee of $750

k.   923 Rogers Rehab: design and project management fee of $750

l.   3639 Glenmore Rehab: clean, paint, and design for a fee of $2,500.

m.   2424 Ridgewood Rehab: repairs to landscaping for a fee of $200.

n.   1233 Dewey Repairs: change locks and do a site evaluation for $750.

o.   2680 Lehman, Unit C-504 Rehab: design and project management fee of $750

p.   McMakin Rehab: trash-out and clean-out for $3,000.

q.   1038 Academy Rehab: design fee in the amount of $3,500.

36.    As of June 17, 2021, Plaintiff Melisa Jenkins was owed $18,950 for consulting work provided to Defendant Rajib Garu.

37.    As set forth herein, Defendant Ideologiz Group LLC, by and through its sole member Rajib Garu, acted with actual malice, in bad faith, with hatred, ill will, and a spirit of revenge designed and calculated with the intent to harm Plaintiff Melisa Jenkins.

**C.    TAKING, DETAINING, AND RECOVERY OF PERSONAL PROPERTY**

38.    As of June 17, 2021, Plaintiff Melisa Jenkins had personal property and furniture located at 2691 Lehman Rd., Cincinnati, OH 45204 ("2691 Lehman") a personal Apartment over which Defendant Rajib Garu has exclusive possession.

39.    The value of the personal possessions owned by Plaintiff Melisa Jenkins is $1,250.

40.    Despite requests for the return of the personal property, Defendant Rajib Garu has refused to return the personal property at 2691 Lehman.

41.    As of June 17, 2021, Plaintiff Melisa Jenkins had personal property, including work tools and equipment used in her business, at 3634 Cheviot Avenue.

42.    The value of the tools and equipment located at 3634 Cheviot Avenue is $5,000.

43.    Despite requests for the return of the personal property, Defendant Rajib Garu has refused to return the property at 3634 Cheviot Avenue.

44.    As set forth herein, Defendant Ideologiz Group LLC, by and through its sole member Rajib Garu, acted with actual malice, in bad faith, with hatred, ill will, and a spirit of revenge designed and calculated with the intent to harm Plaintiff Melisa Jenkins.

**COUNT ONE – BREACH OF WRITTEN CONTRACT**

45.    Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

7

46.    The document attached hereto as Exhibit A constitutes a valid and binding agreement between the Plaintiff Melisa Jenkins and Defendant Rajib Garu.

47.    Under the terms of Exhibit A, Defendant Rajib Garu was required to sell the property at 3634 Cheviot for a price of $80,000 to Plaintiff Melisa Jenkins.

48.    Defendant Rajib Garu refused to sell the property at 3634 Cheviot to Plaintiff Melisa Jenkins, even though Plaintiff Melisa Jenkins was ready, willing, and able to acquire the property upon the terms and conditions set forth in Exhibit A.

49.    Defendant Rajib Garu has breached the contract set forth in Exhibit A.

50.    Plaintiff Melisa Jenkins has been proximately harmed by Defendant Rajib Garu's breach of the contract set forth in Exhibit A.

51.    Plaintiff Melisa Jenkins' damages are an amount far in excess of $25,000, in an amount to be determined at trial.

52.    Because Defendant Rajib Garu's actions can be characterized by hatred, ill will, a spirit of revenge, and done with actual malice, along with a conscious disregard for the rights of Plaintiff Melisa Jenkins that had a great probability of causing substantial harm, Plaintiff Melisa Jenkins further demands an award of punitive damages and attorneys' fees based on Defendant Rajib Garu's bad faith breach of contract.

## COUNT TWO – BREACH OF ORAL CONTRACT

53.    Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

54.    In the alternative, and with no intent to diminish any other cause of action set forth in this Complaint, Plaintiff Melisa Jenkins states that Plaintiff Melisa Jenkins and Defendant Rajib Garu entered into an oral contract the terms of which were for Plaintiff Melisa Jenkins to release

8

the mechanic's lien placed against 3464 Cheviot in exchange for the Defendant Idealogiz Group,

LLC and Defendant Rajib Garu to release the mortgage against the property at 4457 Mellwood.

55.     In reliance of the oral contract, Plaintiff Melisa Jenkins released the mechanic's

lien against 3464 Cheviot.

56.     The Defendant Idealogiz Group, LLC and Defendant Rajib Garu now refuse to

release the mortgage against the property at 4457 Mellwood.

57.     Defendant Rajib Garu has breached the oral contract whose terms are set forth in

Exhibit H to this Complaint.

58.     Plaintiff Melisa Jenkins has been proximately harmed by Defendant Rajib Garu's

breach of the oral contract as set forth in Exhibit H to this Complaint.

59.     Plaintiff Melisa Jenkins' damages are an amount far in excess of $25,000, in an

amount to be determined at trial.

60.     Because Defendant Rajib Garu's actions can be characterized by hatred, ill will, a

spirit of revenge, and done with actual malice, along with a conscious disregard for the rights of

Plaintiff Melisa Jenkins that had a great probability of causing substantial harm, Plaintiff Melisa

Jenkins further demands an award of punitive damages and attorneys' fees based on Defendant

Rajib Garu's bad faith breach of contract.

### COUNT THREE – UNJUST ENRICHMENT

61.     Each and every prior allegation set forth in this Complaint is restated as if fully set

forth in this Paragraph of the Complaint.

62.     In the alternative, and with no intent to diminish any other cause of action set forth

in this Complaint, Plaintiff Melisa Jenkins states that Plaintiff Melisa Jenkins and Defendant Rajib

Garu entered into an oral contract the terms of which were for Plaintiff Melisa Jenkins to release

9

the mechanic's lien placed against 3464 Cheviot in exchange for the Defendant Idealogiz Group, LLC and Defendant Rajib Garu to release the mortgage against the property at 4457 Mellwood.

63.    By releasing the mechanic's lien against 3464 Cheviot, a benefit has been conferred by Plaintiff Melisa Jenkins upon Defendant Idealogiz Group, LLC, and Defendant Rajib Garu.

64.    Defendant Idealogiz Group, LLC and Defendant Rajib Garu had knowledge of the benefit when Plaintiff Melisa Jenkins released the mechanic's lien.

65.    Defendant Idealogiz Group, LLC and Defendant Rajib Garu retained the benefit under circumstances where it would be unjust to do so without payment.

66.    Plaintiff Melisa Jenkins has been damaged by Defendant Idealogiz Group, LLC and Defendant Rajib Garu in the amount of the unpaid balance of the Promissory Note, and the Mortgage placed against her property at 4457 Mellwood.

67.    Plaintiff Melisa Jenkins' damages are an amount far in excess of $25,000, in an amount to be determined at trial.

68.    Because Defendant Rajib Garu's actions can be characterized by hatred, ill will, a spirit of revenge, and done with actual malice, along with a conscious disregard for the rights of Plaintiff Melisa Jenkins that had a great probability of causing substantial harm, Plaintiff Melisa Jenkins further demands an award of punitive damages and attorneys' fees.

## COUNT FOUR – BREACH OF CONTRACT FOR CONSTRUCTION AND DESIGN SERVICES

69.    Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

70.    Plaintiff Melisa Jenkins and Defendant Rajib Garu had an oral agreement for payment to be made to Plaintiff Melisa Jenkins for the construction and design services as set forth in this Complaint.

10

71.    As of June 17, 2021, Plaintiff Melisa Jenkins was owed $18,950 for consulting work provided to Defendant Rajib Garu.

72.    Defendant Rajib Garu breached the oral contract as of June 17, 2021, when he unilaterally declared that he would not pay the Plaintiff Melisa Jenkins the agreed upon amounts.

73.    Plaintiff Melisa Jenkins has been proximately harmed by Defendant Rajib Garu's breach of the oral contract for construction and design services.

74.    Plaintiff Melisa Jenkins damages are an amount equal to $18,950.

75.    Because Defendant Rajib Garu's actions can be characterized by hatred, ill will, and a spirit of revenge, and were done with a conscious disregard for the rights of Plaintiff Melisa Jenkins that had a great probability of causing substantial harm, Plaintiff Melisa Jenkins further demands an award of punitive damages and attorneys' fees.

## COUNT FIVE – REPLEVIN

76.    Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

77.    As of June 17, 2021, Plaintiff Melisa Jenkins has demanded that Defendant Rajib Garu return her personal property valued at $1,250 that was at Defendant Rajib Garu's personal apartment located at 2691 Lehman.

78.    As of June 17, 2021, Plaintiff Melisa Jenkins has demanded that Defendant Rajib Garu return her personal property valued at $5,000 that was at 3634 Cheviot Avenue and was being used by Plaintiff Melisa Jenkins to renovate the home that she was going to purchase.

79.    Defendant Rajib Garu has refused to turn over Plaintiff Melisa Jenkins' personal property, which Plaintiff Melisa Jenkins has a right to recover.

11

80.     Plaintiff Melisa Jenkins has been proximately harmed by Defendant Rajib Garu's refusal to allow Plaintiff Melisa Jenkins to recover her personal property.

81.     Plaintiff Melisa Jenkins' damages are an amount equal to $6,250, or such other amount as may be proven at the time of trial.

82.     Because Defendant Rajib Garu's actions can be characterized by hatred, ill will, a spirit of revenge, and done with actual malice, along with a conscious disregard for the rights of Plaintiff Melisa Jenkins that had a great probability of causing substantial harm, Plaintiff Melisa Jenkins further demands an award of punitive damages and attorneys' fees based on Defendant Rajib Garu's bad faith breach of contract.

## COUNT SIX – CIVIL THEFT

83.     Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

84.     Defendant Rajib Garu acted with bad faith in wrongfully converting property he knew belonged to Plaintiff Melisa Jenkins, and with the purpose of depriving her of said property forever.

85.     Defendant Rajib Garu's theft of property belonging to Plaintiff Melisa Jenkins was willful, wanton, and unjustified so as to entitle Plaintiff Melisa Jenkins to liquidated damages under R.C. 2307.61(A)(1)(b)(ii).

86.     Defendant Rajib Garu's actions in not returning Plaintiff Melisa Jenkins' property constitutes, at a minimum, grand theft, a fourth-degree felony under R.C. 2913.02(B)(2).

87.     The value of the property stolen is believed to be $6,250, or such higher or lower amount as determined at the time of trial.

12

88.     Pursuant to RC §2307.60 and RC §2307.61, Plaintiff Melisa Jenkins is entitled to recover compensatory damages equal to the value of the property and liquated damages in the amount of three (3) times the value of the property at the time it was the subject of a theft offense, reasonable administrative costs, and reasonable attorney's fees.

89.     Defendant Rajib Garu is civilly liable for his criminal acts in the State of Ohio.

90.     Plaintiff Melisa Jenkins is entitled to recover compensatory damages equal to the value of the property and liquated damages in the amount of three (3) times the value of the property at the time it was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price, as set forth in R.C. 2307.61(A)(1)(b)(ii).

91.     As a direct and proximate result of Defendant Rajib Garu's acts of theft, Plaintiff Melisa Jenkins has suffered damages in the amount of $6,250 or such other amount as is proven at the time of trial, plus liquidated damages equal to three times the actual damages equaling $18,750, or such amount as is equal to three times the value of the property not returned to Plaintiff Melisa Jenkins as is proven at the time of trial, plus reasonable attorney's fees, and expenses as the result of Defendant Rajib Garu's civil theft.

## COUNT SEVEN – FRAUD

92.     Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

93.     The foregoing course of conduct by Defendant Rajib Garu was for the purpose, in whole or in part, of uniformly misleading and fraudulently inducing Plaintiff Melisa Jenkins to enter into the attached Agreements, Exhibits A through I.

13

94. Defendant Rajib Garu knowingly, maliciously, and continuously misrepresented his intentions of honoring the terms and conditions of the Agreements attached to this Complaint as Exhibits A through I throughout his negotiations and relationship with Plaintiff Melisa Jenkins.

95. Defendant Rajib Garu's misrepresentations and omissions were knowingly deceptive, unconscionable, fraudulent, and were done with the intent of inducing Plaintiff Melisa Jenkins to enter into the Agreements attached to this Complaint as Exhibits A through I.

96. At the time he entered into the Agreements attached hereto as Exhibits A through I, Defendant Rajib Garu knew full well at the time that:

      a. Defendant Rajib Garu had no intentions of the following selling the property at 3464 Cheviot to Plaintiff Melisa Jenkins for $80,000;

      b. Defendant Rajib Garu had no intention of releasing the mortgage that he placed against Plaintiff Melisa Jenkins residence at 4457 Mellwood; and

      c. Defendant Rajib Garu had no intentions of paying Plaintiff Melisa Jenkins for the Construction and Design work being performed for his other properties as set forth herein.

97. Plaintiff Melisa Jenkins had no way of knowing that Defendant Rajib Garu was misrepresenting his intentions to honor the Agreements as set forth in this Complaint and attached as Exhibits A through I, and had no way of discovering Defendant Rajib Garu's misrepresentations prior to entering into the Agreements set forth herein and attached as Exhibits A through I to this Complaint.

98. Plaintiff Melisa Jenkins justifiably relied to her detriment upon Defendant Rajib Garu's above misrepresentations and omissions not knowing that Defendant Rajib Garu was a liar as to his intentions of honoring the Agreements set forth herein and attached as Exhibits A through

14

I, and was planning to be a thief as to the Plaintiff Melisa Jenkins money, services, and personal property.

99.     As a direct and proximate result of Defendant Rajib Garu's fraudulent representations and omissions, both individually and through Idealogiz Group, LLC, Plaintiff Melisa Jenkins has been damaged in an amount far in excess of $25,000 in an amount to be proven at the time of trial, but believed to be approximately of $235,200, consisting of the current Zillow® estimated value of the property at 3464 Cheviot for $204,600.00 minus the $80,000 that she had agreed to pay for 3464 Cheviot, plus the value of the mortgage placed against her home in the amount of $90,000 that Defendant Rajib Garu refuses to release, plus the value of the construction and design work performed for Defendant Rajib Garu in the amount of $18,950, plus the value of the stolen personal property at $6,250, or such other amounts as to be proven at trial, plus costs, interest, and attorney fees.

100.    Because Defendant Rajib Garu's conduct was willful, malicious, and motivated by profit, Plaintiff Melisa Jenkins is entitled to punitive damages in order to deter Defendant Rajib Garu from engaging in a similar future course of conduct.

### COUNT EIGHT – PIERCING THE CORPORATE VEIL

101.    Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

102.    Defendant Rajib Garu had exclusive control over Defendant Idealogiz Group, LLC and his control was so complete that the corporation has and had no separate mind, will, or existence of its own.

103.    Defendant Rajib Garu and Defendant Idealogiz Group, LLC were the alter ego of each other.

15

104. Defendant Rajib Garu had exclusive control over Defendant Idealogiz Group, LLC and his control was exercised in such a manner as to commit fraud, an illegal, and/or an unlawful act against Plaintiff Melisa Jenkins.

105. Defendant Rajib Garu misused his control of Defendant Idealogiz Group, LLC to commit specific, egregious actions through Defendant Idealogiz Group, LLC that caused injury and/or unjust loss to Plaintiff Melisa Jenkins from such control and wrongdoing.

106. Plaintiff Melisa Jenkins is entitled to pierce the corporate veil of Defendant Idealogiz Group, LLC.

107. It would be unjust to allow the Defendant Rajib Garu, as the sole member of Defendant Idealogiz Group, LLC to use the corporate form as a shield to escape the consequences of the wrongful acts committed against Plaintiff Melisa Jenkins.

108. Plaintiff Melisa Jenkins is entitled to pierce the corporate veil and collect directly from Defendant Rajib Garu because the corporate identity of Defendant Idealogiz Group, LLC may be disregarded due to the wrongs committed by Defendant Idealogiz Group, LLC.

109. By piercing the corporate veil, Plaintiff Melisa Jenkins is entitled to collect from Defendant Rajib Garu any amounts owed that are related to the above causes of action which might otherwise be attributable to Defendant Idealogiz Group, LLC.

## COUNT NINE – TRUTH IN LENDING ACT VIOLATIONS

110. Each and every prior allegation set forth in this Complaint is restated as if fully set forth in this Paragraph of the Complaint.

111. In the alternative, and with no intent to diminish any other cause of action set forth in this Complaint, Plaintiff Melisa Jenkins states that should it be determined that Defendant

16

Idealogiz Group, LLC holds a valid mortgage against the property at 4457 Mellwood, Plaintiff Melisa Jenkins asserts the following cause of action.

112.    Plaintiff Melisa Jenkins is a consumer within the meaning of the Truth in Lending Act ("TILA"), 15 U.S.C. 1602(i).

113.    Defendant Idealogiz Group, LLC extended consumer credit regularly and on multiple occasions to Plaintiff Melisa Jenkins for which the payment of a finance charge was required and thus was and is a creditor within the meaning of TILA, 15 U.S.C. 1602(g).

114.    The mortgage loan was and is a consumer credit transaction within the meaning of TILA, 15 U.S.C. 1602 and Regulation Z, 12 C.F.R. 1026.2(a)(12).

115.    Each action or inaction alleged herein against Defendant Idealogiz Group, LLC is also an allegation of action or inaction by its sole member Defendant Rajib Garu, as appropriate.

116.    Plaintiff Melisa Jenkins executed the promissory notes and mortgages attached hereto as Exhibits B though G on the dates indicated on the documents, (collectively, the "Mortgage Loan").

117.    The Mortgage Loan was secured by a lien on residential real property commonly known as 4457 Mellwood Avenue, Cincinnati, OH 45232 (the "Property").

118.    The residence on the Property is a single-family residence, occupied by Plaintiff Melisa Jenkins as her principal dwelling.

119.    The Mortgage Loan was and is subject to a finance charge agreement. 15 U.S.C. 1602(f).

120.    The Mortgage Loan was and is a consumer credit transaction within the meaning of TILA, 15 U.S.C. 1602 and Regulation Z, 12 C.F.R. 1026.2(a)(12).

121.   On or about March 1, 2025, Plaintiff Melisa Jenkins through a title company acting on her behalf requested a payoff quote in writing from Defendant Idealogiz Group, LLC.

122.   Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu refused to provide a payoff amount, unless and until Plaintiff Melisa Jenkins gave a copy of the purchase agreement for the sale of the Property to him.

123.   Plaintiff Melisa Jenkins has received a legitimate offer to sell the Property, but because no payoff quote was furnished by Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu, the offer could not be accepted.

124.   Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu did not provide Plaintiff Melisa Jenkins with a payoff amount for the Mortgage Loan within seven business days of a request for the same.

125.   Up to the date of the filing of this Complaint, Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu has not provided Plaintiff Melisa Jenkins with a payoff amount for the Mortgage Loan alleged to be owed.

126.   Without a payoff quote, Plaintiff Melisa Jenkins is unable to sell her home to a

127.   For all the reasons stated herein, Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu violated TILA and are liable to the Plaintiff Melisa Jenkins.

128.   Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu failed to provide the Plaintiff Melisa Jenkins an accurate payoff balance within seven business days of receipt of a written request from or on behalf of Plaintiff Melisa Jenkins as required by 15 U.S.C. 1639(t)(2) and 12 C.F.R. 226.36(c)(1)(iii).

129.   Defendant Idealogiz Group, LLC by and through its sole member Defendant Rajib Garu are liable to Plaintiff Melisa for the violations of the TILA in an amount of at least; the

18

Plaintiff Melisa Jenkins' maximum actual damages (totaling at least $385,000), statutory damages of at least $4,000; and the costs of this action and attorney's fees, pursuant to 15 U.S.C. 1640(a).

**WHEREFORE**, Plaintiff Melisa Jenkins prays for judgment against Defendant Rajib Garu and Defendant Idealogiz Group, LLC, jointly and severally, as follows:

**AS TO COUNT ONE,** damages in an amount far in excess of $25,000, in an amount to be proven at the time of trial; and

**AS TO COUNT TWO,** damages in an amount far in excess of $25,000, in an amount to be proven at the time of trial; and

**AS TO COUNTS THREE,** damages in an amount far in excess of $25,000, in an amount to be proven at the time of trial; and

**AS TO COUNT FOUR,** damages in an amount equal to $18,950, or such other amount as will be proven at the time of trial; and

**AS TO COUNT FIVE,** a return of all of Plaintiff Melisa Jenkins' personal property and/or damages in an amount equal to $6,250 should it be determined by the trier of fact that the personal property is no longer recoverable, or such other amount as will be proven at the time of trial; and

**AS TO COUNT SIX,** damages in an amount equal to $6,250, (consisting of the value of the personal property subject to replevin), plus an aware of punitive damages in an amount not less than three times the amount of actual damages for an additional $18,750 or more so that the amount is sufficient to deter Defendant Rajib Garu and all others who intend to imitate the actions of Defendant Rajib Garu from engaging in a similar future course of conduct, plus costs, attorney fees, pre-judgment and post-judgment interest; and

**AS TO COUNT SEVEN,** damages in an amount far in excess of $25,000, in an amount to be proven at the time of trial; and

**AS TO COUNT EIGHT,** a finding by the trial court that Plaintiff Melisa Jenkins is entitled to pierce the corporate veil and hold Defendant Rajib Garu and Defendant Idealogiz Group, LLC jointly and severally liable for each other's actions; and

**AS TO COUNT NINE,** damages in the amount of at least $385,000, plus statutory damages of at least $4,000; and the costs of this action and attorney's fees to be established at trial; and

**AS TO EACH AND EVERY COUNT,** punitive damages in an amount sufficient to deter Defendant Rajib Garu and all others who intend to imitate the actions of Defendant Rajib Garu from engaging in a similar future course of conduct, plus costs, attorney fees, pre-judgment and post-judgment interest, and for such further relief in law or equity that this Court deems just and proper.

Respectfully submitted,

/s/ *John H. Phillips*

John H. Phillips (0043934)
James A. Hamilton (0102638)
*Phillips Law Firm, Inc.*
9521 Montgomery Road
Cincinnati, OH 45242
Email: JHP@PhillipsLawFirm.com
☎ (513) 985-2500
☎ FAX (513) 985-2503
*Trial Attorneys for Plaintiff Melisa Jenkins*

## JURY DEMAND

With the filing of this lawsuit, Plaintiff Melisa Jenkins demands a trial by Jury as to all issues so triable.

Respectfully submitted,

/s/ *John H. Phillips*

John H. Phillips (0043934)
James A. Hamilton (0102638)
*Phillips Law Firm, Inc.*
9521 Montgomery Road
Cincinnati, OH 45242
Email: JHP@PhillipsLawFirm.com
☎ (513) 985-2500
☎ FAX (513) 985-2503
*Trial Attorneys for Plaintiff Melisa Jenkins*

21

# EXHIBIT A
# FOLLOWS

**EXHIBIT A**

{Name: Rajib Garu} ,known as "Second Party,"
agrees to enter into this contract with {Name: Melisa Jenkins}, known as
"First Party" on {Date :                    }.

This agreement is based on the following provisions:

1. Second Party agrees to standard no harm agreement as signed by First
Party in Spring 2020, outlining general no harm in attempts of legal
litigation or other general attempts to collect money in any way, regarding
work on properties, loans, or personal matters from First Party or her
children. Agrees to not interfere with completion of projects based on
emotional response to relationship issues, including employee interference,
firing, payroll, retracting contracts, etc. Agrees to not withhold any promised
funds for completion of said projects. Agrees to abide by code of ethics and
morals based on Board of Realtors recommendations.

2. Second Party agrees to no harm on any shared bank, credit account, or
loan account, understands being added as joint account holder comes with
promise to not create any negative balances in account, will not withdraw
funds without permission which were not deposited by second party, will not
give away account information, will not interfere with business transactions
through account, will not allow any potential for old account issues attached
to his social security number to affect status of Sustenance Design Cincy
LLC account, will agree to no harm of credit of Sustenance Design Cincy
LLC or any other LLC's related to Melisa Jenkins, will not allow emotional
responses to impact any action on banking or credit. Agrees to not take out
any debt under name or social security number of Melisa Jenkins and agrees
not to use tax ID number of Melisa Jenkins or affiliated LLC's.

3. Second Party agrees to non-disclosure of any business plan regarding tea
house, wellness center or sexual wellness center and agrees to not use any
business plan discussed by First Party without her consent or involvement.
Second party understands any attempt to do so will result in filed claim of
appropriation and litigation thereafter.

4. Both parties agree no use of slander or defamation during partnership or
in the event of dissolution.

5. Second party agrees to release mortgage/lien on 4457 Mellwood Ave upon payment of agreed note in the sum of $31,5000. This agreement also contains the understanding of second party agreeing to not enforce late fees as mentioned in mortgage note.

6. Second party agrees to complete sales contract for $80,000 on Cheviot Ave with first party. Second party also agrees to create listing contract with first party on 4457 Mellwood Ave on 2% commission and will actively work to find a buyer to meet other contractual agreement terms. If the sale deadline is not met, party 2 agrees to non-enforcement of late fees as mentioned in said agreements outside this contract.

Initial _____                    Initial _____

Furthermore, the First Party agrees:

6.

7.

8.

9.

10.

11.

Initial _____                    Initial _____

# EXHIBIT B
# FOLLOWS

## SECURED PROMISSORY NOTE

Date: 1/7/2021 ("Effective Date")

Property Address: 4457 Mellwood Ave Cincinnati OH 45232

1.    **BORROWER'S PROMISE TO PAY.** In return for a loan to **Melisa Jenkins**, Borrower promises to pay **$31,500 USD**, ("Loan Amount **($30,000** + fixed interest rate of 5%"), to **Idealogiz Group , LLC**, ("Lender") of PO Box 36576 Cincinnati OH 45236 (Address)

2.    **TERM.** The term of this loan shall be *4 months* from the Effective Date of this Note .The full balance of this loan will be due in full on or before **May 7th, 2021**, or from the proceeds of the sale of 4457 Mellwood Ave Cincinnati OH 45232 whichever is earlier.

3.    **INTEREST.** Fixed interest rate of 5%. Total balance due= **$31500**

4.    **PAYMENTS.** Borrower will pay Lender the entire unpaid principal balance and all accrued interest and/or fees owed to Lender under this Note on or before the term end date or from the proceeds of the sale of 4457 Mellwood Ave Cincinnati OH 45232 *whichever is earlier.*

5.    No fee will be charged at payoff.

6.    **BORROWER'S RIGHT TO PREPAY.** Borrower may pay principal, interest, or both at any one or more times before payment is due. A payment of principal that Borrower designates as such in writing is known as a "Prepayment." Borrower may make any Prepayment without paying a Prepayment charge. Prepayments will reduce the amount of principal that Borrower owes under this Note. However, Lender may apply Prepayments to any accrued but unpaid interest or other amounts due under this Note before applying the Prepayment to reduce the principal balance of the Note. If Borrower makes a Prepayment of less than the entire outstanding principal balance, there will be no change in the Balloon Date unless Lender agrees in writing to such change.

7.    **SECURED NOTE.** The Borrower's obligation to repay this Note is secured by a *First Mortgage (the "Security Instrument"), dated the same date as this Note*, on the Property in favor of Lender.

8.    **BORROWER'S FAILURE TO PAY AS REQUIRED.**

(A)    **Late Charges for Overdue Payments.** If Lender has not received any payment in full from Borrower within 10 calendar days after it is due, then Borrower will pay a late charge to Lender of $500 as liquidated damages. Beginning on the 11th day past due, Borrower will pay an additional late charge of $50 per day as liquidated damages until the outstanding payments are made in full and the Note has been brought back into good standing with the repayment of all missed payments and/or fees.

Page 1 of 7

(B)    **Default.** If Borrower does not pay each payment in full on the date it is due, Borrower will be in default.

(C)    **Notice of Default.** If Borrower is in default, Lender may send Borrower a written notice telling Borrower that if Borrower does not pay the overdue amount by a certain date then Lender may require Borrower to pay immediately in full all unpaid principal and accrued but unpaid interest owed under this Note. That date must be at least 30 days after the date on which the notice is mailed to Borrower or delivered by other means.

(D)    **No Waiver by Note Holder.** Even if Lender does not require Borrower to pay immediately in full as described above when Borrower is in default, Lender may still do so if Borrower is in default at a later time.

(E)    **Payment of Note Holder's Costs and Expenses.** If Lender has required Borrower to pay immediately in full as described above, Borrower will pay Lender for all of Lender's costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, but are not limited to, reasonable attorney's fees, for example.

9.    **REPRESENTATIONS AND WARRANTIES.**

(A)    **Borrower's Representations and Warranties.** Borrower represents and warrants to Lender that: (i) Borrower is a limited liability company that is duly organized under Ohio law; (ii) Borrower's principal office is located in Cincinnati, Ohio; and (iii) Borrower will use the proceeds of this loan only in connection with the purchase and/or operation of the Property for business purposes.

(B)    **Lender's Representations and Warranties.** Lender represents and warrants to Borrower that: (i) Lender is making this loan for Lender's own account and not with a view to reselling the loan to any other person or entity; (ii) Lender acknowledges that this Note contains transfer limitations and restrictions and that Lender understands and agrees to the transfer limitations and restrictions; (iii) Lender acknowledges that the loan evidenced by this Note is a business loan for commercial purposes and that Lender's return is controlled by the terms of the Note and the Security Instrument that Lender has negotiated and not by the entrepreneurial efforts or profits of Borrower; (iv) to Lender's knowledge, no commission, discount, or other remuneration has been paid or given directly or indirectly for the placement or sale of the promissory notes of Borrower.

10.    **SEVERABILITY.** Should any provision of this Agreement, or the application thereof, be held invalid or unenforceable by a court of competent jurisdiction, the remainder of this Agreement, or alternative applications thereof, other than the provision(s) which shall have been held invalid or unenforceable, shall not be affected thereby and shall continue to be valid and enforceable to the fullest extent permitted by law or equity.

11.    **GIVING OF NOTICES.** Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the following address: **Idealogiz Group , LLC**, ("Lender") of PO Box 36576 Cincinnati OH 45236 (Address)

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the following address: **Melisa Jenkins**, 4457 Mellwood Ave Cincinnati OH 45232

12. **WAIVERS.** Borrower waives Presentment and Notice of Dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid. Borrower waives all claims for loss or damage caused by Lender's acts or omissions where Lender acted reasonably and in good faith.

13. **APPLICABLE LAW.** Ohio law governs the construction and interpretation of this Note. The state and federal courts located in Hamilton County, Ohio shall have exclusive jurisdiction over any claim or controversy relating to this Note.

14. **ENTIRE AGREEMENT.** This Note may not be amended except by a writing that is signed by both Lender and Borrower.

15. **TRANSFER RESTRICTIONS.** This Note is binding upon Lender, Borrower and their permitted successors and assigns. Lender may not encumber, sell, or otherwise transfer any interest in this Note unless Lender either (i) registers this Note under the Securities Act of 1933 and applicable state securities laws or (ii) Borrower, with an opinion of counsel, determines that registration is not required.

16. **EVENTS OF DEFAULT.** If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender shall become due immediately, without demand or notice:

    a. the failure of the Borrower to pay the principal and any accrued interest in full on or before the Balloon Date;

    b. the death of any guarantor of this Note;

    c. the filing of bankruptcy proceedings involving the Borrower as a debtor;

    d. the application for the appointment of a receiver for the Borrower;

    e. the making of a general assignment for the benefit of the Borrower's creditors;

    f. the insolvency of the Borrower;

    g. a misrepresentation by the Borrower to the Lender for the purposes of obtaining or extending credit;

    h. the winding up, liquidation or dissolution of Borrower;

    i. failure of Borrower to do, or cause to be done, all things necessary to preserve and keep in full force and effect its existence and its rights, franchises and qualifications to do business;

    j. Borrower or any guarantor of this Note defaults under any term of any loan, guaranty or security agreement made by and between the Lender and the Borrower that would allow the Lender to accelerate such obligation;

    k. Failure of Borrower to maintain the insurance required hereunder at all times.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition, or creation of any contract for disposition, of any assets pledged as security for the payment of this Note, or if there is a default in any security agreement which secures this Note

No renewal or extension of this Note, delay in enforcing any right of Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of Borrower hereunder in this Note. All rights of Lender hereunder in this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option and discretion.

17.   **NO OFFSETS.**  Borrower agrees to pay this Note free from any offset, deduction or counterclaim.

18.   **TIME OF ESSENCE.**  Time is of the essence of this Note and of each of its provisions.

19.   **INSURANCE REQUIREMENTS.**  Borrower understands that insurance coverage on the Property is required in connection with the extension of the loan hereunder. This insurance coverage must be maintained in full effect until the loan is paid in full. The following minimum insurance coverage must be provided on the Property unless otherwise agreed to in writing by the Lender:

> **Type:** Fire and extended coverage and all risk endorsements.
> **Amount:** Loan Amount.
> **Basis:** Replacement value.
> **Endorsements:** Standard mortgagee's clause with stipulation that coverage will not be cancelled or diminished without a minimum of thirty (30) days prior written notice to the Lender, and without disclaimer of the insurer's liability for failure to give such notice.
> **Deductibles:** $500.00.
> **Latest Delivery Date:** By the loan closing date.
> **Loss Payee: Melisa Jenkins.** 4457 Mellwood Ave Cincinnati OH 45232

If Borrower fails to maintain the required insurance in full effect until all amounts due to Lender hereunder are paid in full, the Lender may, at its sole discretion, purchase insurance to protect its interest in the Property at the expense of Borrower. Borrower agrees to pay the Lender for such insurance and understands that the insurance may not provide any coverage or benefit to Borrower.

20.   **JURY WAIVER.**  Borrower irrevocably waives its right to trial by jury in any action involving this Note or the debt that the Note evidences.

Borrower has signed this Note in Cincinnati, Ohio on the Effective Date.

**BORROWER**:

Melisa Jenkins
4457 Mellwood Ave Cincinnati OH 45232

# EXHIBIT C
# FOLLOWS

### PERSONAL GUARUNTY

Date: 01/07/2021

Address: 4457 Mellwood Ave Cincinnati OH 45232
Reference: Secured Promissory note for 4457 Mellwood Ave Cincinnati OH 45232

The undersigned, ("Borrower"), individually, does hereby guarantee the full performance of this SECURED PROMISSORY NOTE to which this Personal Guaranty is attached, and does further indemnify and hold    Idealogiz Group LLC ("Lender") harmless, from any claims, whatsoever, arising out of the enforcement of the terms of said Note by the Lender, its successors and/or assigns. This personal guarantee will be deemed invalid once the lien on the subject property (4457 Mellwood Ave Cincinnati OH 45232) is removed.


Melisa Jenkins
_____
Individually

1/7/2021
_____
Date

# EXHIBIT D FOLLOWS

14330 00944

Scott Crowley
Hamilton County Recorder's Office
Doc #: 2021-0003063 Type: MT
Filed: 01/08/21 09:12:17 AM $34.00
Off. Rec.: 14330 00944 F 2 256

|||||||||||||||||||||||||||||||||||||||||||||||||||||
b143300094Fb

## MORTGAGE

\* Melisa Jenkins, for Thirty Thousand and xx/100, ($30000.00 paid, grants with
mortgage covenants to Idealogiz Group LLC whose address is PO Box 36576
Cincinnati OH 45236 the following real property:

( 4457 Mellwood Ave Cincinnati OH 45232 )

SEE EXHIBIT A-Legal Descriptions ATTACHED HERETO

Mortgagor claims title to the above described property by virtue of an instrument
recorded in Official Record Book Parcel # : 220-0059-0015-00 of the Hamilton County,
Ohio Records.

Property Description: 4457 MELLWOOD AVE 93 X 199.63 PT LOT 25 DODSWORTH EST

This Mortgage is given upon the statutory condition to secure payment of $30000.00 ,
with interest as provided in a Note of even date herewith. "Statutory Condition" is
defined in Section 5302.14 of the Ohio Revised Code and provides generally that, if the
Mortgagor pays the principal and interest secured by this Mortgage, performs the other
obligations secured hereby and the conditions of any prior mortgage, pays all taxes and
assessments, maintains insurance against fire and other hazards, and does not commit or
suffer waste, then this Mortgage shall be void.

This mortgage will mature and become fully due and payable on May 7th, 2021 or on
the date of sale of 4457 Mellwood Ave Cincinnati OH 45232 whichever is earlier.

Signed this 7 day of __Jan____,2021.

Melisa Jenkins (Mortgagor)

Clermont (22)

STATE OF OHIO, COUNTY OF ~~MONTGOMERY~~ ) SS.

The foregoing instrument was acknowledged before me on this 7th day of _Jan_____.
2021, by Melisa Jenkins the Mortgagors herein, as their free act and deed.

NOTARY PUBLIC
ROBERT M. SCHWARTZ
NOTARY PUBLIC
STATE OF OHIO
My Commission
Expires
February 16, 2023

Prepared by: Mortgagee

14330 00945

EXHIBIT A

Situate in Section 16, Township 3, Fractional Range 2 of the Miami Purchase, Millcreek Township and being a part of Lot No. 25 of the Subdivision of M. Dodsworth's Estate, as recorded in Plat Book 2, Page 197, of the Plat Records of Hamilton County, Ohio and more particularly described as follows:

Beginning at a point in the West line of said Section 16, South 1° 15' West 853.64 feet from the Northwest corner of said section

Thence South 88° 52' East 224.63 feet to a point in the center line of Mellwood Ave;

Thence along the center line of Mellwood Ave. North 1° 15' East 93 feet to a point;

Thence North 88° 52' West 224.63 feet to the West line of said Section 16;

Thence along said section line South 1° 15' West 93 feet to the place of the beginning.

Parcel # 220-0059-0015-00

# EXHIBIT E
# FOLLOWS

## AMENDMENT TO PROMISSORY NOTE

THIS AMENDMENT TO PROMISSORY NOTE (this "**Agreement**"), dated as of Feb 4th, 2021, by and between Melisa Jenkins (the "**Borrower**"), Address; 4457 Mellwood Ave Cincinnati OH 45232, and Idealogiz Group LL.C., (together with its successors and assigns, "**Lender**"), having an address at PO Box 36576 Cincinnati OH 45236

WHEREAS, Borrower executed and delivered a Note dated as of January 7, 2021 for the benefit of Lender in the original principal amount of $30000 (the "**Note**");

WHEREAS, Lender and Borrower are parties to that certain Loan and Security Agreement dated as of January 7, 2021, by and between Borrower and Lender, as amended by that Amendment to Loan and Security Agreement dated the date hereof between such parties (the "**Loan Agreement**");

WHEREAS, Lender and Borrower desire to amend the Note as set forth herein.

NOW, THEREFORE, intending to be legally bound hereby, the parties hereto agree as follows:

1.  Section 1 in the original note is changed as follows

     "**BORROWER'S PROMISE TO PAY.** In return for a loan to **Melisa Jenkins**, Borrower promises to pay **$94,500 USD**, ("Loan Amount **($90,000** + fixed interest rate of 5%"), to **Idealogiz Group , LLC.** ("Lender") of PO Box 36576 Cincinnati OH 45236 (Address)

2.  Section 3 in the original note is changed as follows

     "**INTEREST.** Fixed interest rate of 5%. Total balance due = **$94500**"

3.  All references to the Principal Amount contained in the Note shall be deemed to refer to the Principal Amount as amended by this Agreement, as the same may be further amended, restated, replaced, supplemented or otherwise modified from time to time.

5.  Except as specifically modified and amended herein, all other terms, conditions and covenants contained in the Note shall remain in full force and effect.

6.  All references in the Loan Documents to the "Note" shall mean the Note as hereby amended.

7.  This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one instrument, but in making proof hereof it shall only be necessary to produce one such counterpart.

8.  This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

9.  This Agreement shall be governed by OHIO law, without regard to conflicts of law principles.

**[SIGNATURE PAGES IMMEDIATELY FOLLOW]**

-2-

Page 1 of 2

# EXHIBIT F
# FOLLOWS

## MORTGAGE

* Melisa Jenkins , for Ninety Thousand and xx/100, ($90000.00 paid, grants with mortgage covenants to Idealogiz Group LLC whose address is PO Box 36576 Cincinnati OH 45236 the following real property:

( 4457 Mellwood Ave Cincinnati OH 45232 )

SEE EXHIBIT A-Legal Descriptions ATTACHED HERETO

Mortgagor claims title to the above described property by virtue of an instrument recorded in Official Record Book Parcel # : 220-0059-0015-00 of the Hamilton County, Ohio Records.

Property Description : 4457 MELLWOOD AVE 93 X 199.63 PT LOT 25 DODSWORTH EST

This Mortgage is given upon the statutory condition to secure payment of $90000.00 with interest as provided in a Note of even date herewith. "Statutory Condition" is defined in Section 5302.14 of the Ohio Revised Code and provides generally that, if the Mortgagor pays the principal and interest secured by this Mortgage, performs the other obligations secured hereby and the conditions of any prior mortgage, pays all taxes and assessments, maintains insurance against fire and other hazards, and does not commit or suffer waste, then this Mortgage shall be void.

This mortgage will mature and become fully due and payable on May 7th, 2021 or on the date of sale of 4457 Mellwood Ave Cincinnati OH 45232 whichever is earlier.

Signed this 5 day of ___Feb____ , 2021.

Melisa Jenkins (Mortgagor)

STATE OF OHIO, COUNTY OF MONTGOMERY ) SS.

The foregoing instrument was acknowledged before me on this 7th day of Jan 2021, by Melisa Jenkins the Mortgagors herein, as their free act and deed.

BRIAN BAUER
NOTARY PUBLIC
IN AND FOR THE STATE OF OHIO
MY COMMISSION EXPIRES AUGUST # 20 19

NOTARY PUBLIC

Prepared by: Mortgagee

# EXHIBIT G FOLLOWS

14419    03087

Scott Crowley
Hamilton County Recorder's Office
Doc #: 2021-0061198  Type: ML
Filed: 05/17/21 02:31:30 PM  $42.00
Off.Rec .: 14419 03087 F      3    643



### Affidavit for Mechanic's Lien
### (O.R.C.1311.06)

State of Ohio          )
                       )    SS:
County of Butler       )

I, **Melisa Jenkins**, being first duly sworn and having personal knowledge, state and affirm as follows:

1.    I am the owner and duly authorized representative and agent **Sustenance Design Cincy, LLC ("SDC")**, whose address is **4457 Mellwood Avenue, Cincinnati, Ohio 45232.**

2.    Pursuant to a contract with **Idealogiz Group, LLC**, whose address is 4140 Home Street, Cincinnati, Ohio 45236, SDC furnished certain material of performed certain labor or work in the furtherance of improvement located on or removed to the land commonly described as 3464 Cheviot Avenue, Cincinnati, Ohio 45211, hereinafter described in greater detail in the attached **Exhibit A** (the **"Premises")**. This Affidavit, as well as a copy of the official lien, will be sent to Idealogiz Group, LLC by both certified mail and ordinary mail.

3.    The first of the labor or work was performed or material was furnished on **February 1, 2021.** The last of the labor or work was performed or material was furnished on the **May 14, 2021.**

4.    There is justly and truly due the lien claimant, therefore from the owner, part-owner, lessee, original contractor, subcontractor, or other person, whose name is Idealogiz Group, LLC, as the case may be, over and above all legal setoffs, **the sum of $75,000.00**, for which amount, the lien claimant, claims a lien on the land, building or

14419    03088

leasehold, of which Idealogiz Group, LLC is or was the owner, part-owner, or lessee, as the case may be, which premises is described above and in the attached Exhibit A.

**FURTHER AFFIANT SAYETH NAUGHT.**

Melissa Jenkins, A Duly Authorized Agent and Representative of Sustenance Design Cincy, LLC

Sworn to before me and subscribed in my presence this ___17___ day of May, 2021.

Notary Public

My commission expires: _6/14/2023_

This instrument was prepared by:
Andrew L. Smith, Esq.
ROLFES HENRY CO., LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202

R.C. 1311.07 provides:

"*Any person filing an affidavit pursuant to section 1311.06 of the Revised Code [Affidavit of Mechanic's Lien] shall serve a copy of the affidavit on the owner, part owner, or lessee of the improved property or his designee, within thirty days after filing the affidavit. If the affidavit cannot be served in accordance with section 1311.19 of the Revised Code, then the person shall serve the copy by posting it in some conspicuous place on the premises of the improved property within ten days after the expiration of the thirty days.*"

2

14419    03089

## EXHIBIT A

### LEGAL DESCRIPTION

Situated in the City of Cinci nnati, Green Township, Hamilton County, Ohio and being Lot Nine (9) as shown on Edmund Craig's Subdivision in Section 9, Township, County, and State aforesaid, recorded in Plat Book 5, Page 193, in the Recorder's Office of Hamilton County, Ohio.

| | |
|---|---|
| Prior Owner: | Vincent Joseph Willman, Jr. and Shelby J. Willman |
| Parcel No.: | 211-0071-0050-00 |
| Prior Instrument Reference: | Deed dated January 22, 2015, filed February 3, 2015, recorded as Official Records Volume 12812, Page 1802, Hamilton County, Ohio records |

3

# EXHIBIT H

# FOLLOWS

21-23386
Sustenance Design Cincy, LLC Business Matters

# FULL AND FINAL RELEASE OF CLAIMS

**KNOW ALL PERSONS BY THESE PRESENTS**, that the undersigned, **Rajib Garu** and **Melisa Jenkins**, on behalf of themselves, and their agents, servants, successors, heirs, executors, administrators, employees and attorneys, and any and all other persons, firms, corporations, limited liability companies, associations, or partnerships employed by or associated therewith, do hereby enter into this Full and Final Release of Claims **("Release")** and do hereby agree to the following terms and conditions:

- Ms. Jenkins agrees to release the mechanic's lien (Doc. No. 2021-0061198) associated with Mr. Garu's property located at 3634 Cheviot Avenue, Cincinnati, Ohio.

- Mr. Garu agrees not to file any form of foreclosure lawsuit and agrees to cancel and void the $90,000 mortgage on the property located at 4457 Mellwood Avenue, Cincinnati, Ohio (Doc. No. 2021-0019334).

The undersigned attest and affirm the undersigned relied wholly upon the undersigned's own judgment, belief and knowledge regarding the nature, extent, effect and duration of any damages or losses of any type or nature, whether to real or personal property, and any liability therefore, and this Release is being entered into without any reliance upon any statement or representation of any party, or parties, being released hereby, their representatives, or by any person employed by the undersigned.

The undersigned declare and represent no promise, inducement or agreement not herein expressly set forth has been made to the undersigned in any regard, and this Release contains the entirety of the agreement by and between the parties hereto and the terms of this Release are contractual and not a mere recital.

The undersigned attest the undersigned have been provided the opportunity to read the foregoing Release, to secure all appropriate legal advice and counsel related thereto, and fully understand all terms and conditions set forth herein and that the undersigned have no right to make any additional claim, of any type or nature, or in any way related to or as a result of the claim previously referenced herein.

This Release is hereby entered into this ____ day of _____, 2021.

_____

Rajib Garu

STATE OF OHIO            )
                         ) SS:
COUNTY OF HAMILTON       )

      Sworn to and subscribed to before me, a Notary Public in and for the State of Ohio, personally came the aforementioned Rajib Garu, who acknowledges he has read the foregoing Full and Final Release of Claims and signed the same this ____ day of _____, 2021, of his own free will and deed.

_____

Notary Public

Melisa Jenkins

STATE OF OHIO            )
                               ) SS:
COUNTY OF HAMILTON    )

       Sworn to and subscribed to before me, a Notary Public in and for the State of Ohio, personally came the aforementioned Melisa Jenkins who acknowledges she has read the foregoing Full and Final Release of Claims and signed the same this _____ day of _____, 2021, of her own free will and deed.

Notary Public

Page 3 of 3

# EXHIBIT I
# FOLLOWS



**14449    03567**

Scott Crowley
Hamilton County Recorder's Office
Doc #: 2021-0079839  Type: REL
Filed: 06/30/21 01:59:30 PM   $54.00
Off.Rec.:# 14449 03567 F        2    651



**RELEASE OF LIEN**

State of Ohio          )
                       )    SS:
County of Campbell     )

On the 17th day of May. 2021 I, Melisa Jenkins filed an Affidavit for Mechanic's Lien in the
Recorder's Office of Hamilton County, Ohio. The lien has the following reference or document
number 14419 63067. The lien claimed the sum of $75,000 against the real property located at
the following address 3464 Cheviot Ave Cincinnati OH 45211 in Hamilton County,
Ohio, as more completely described in Exhibit A attached hereto and incorporated herein.
For good and valuable consideration, the undersigned releases and discharges the lien and any
right, interest, and claim I may have acquired in the property by reason of filing the Affidavit of
Lien.

Melisa Jenkins

Sworn to before me and subscribed in my presence this 30 day of JUNE , 2021.

Notary Public

JOELSEPH DEAN FITCH
Notary Public
Kentucky - State at Large
My Commission Expires Aug 6, 2023

14449    03568

## EXHIBIT A

### LEGAL DESCRIPTION

Situated in the City of Cincinnati, Green Township, Hamilton County, Ohio and being Lot Nine (9) as shown on Edmund Craig's Subdivision in Section 9, Township, County, and State aforesaid, recorded in Plat Book 5, Page 193, in the Recorder's Office of Hamilton County, Ohio.

Prior Owner: _____ Vincent Joseph Willman, Jr. and Shelby J. Willman _____

Parcel No.: _____ 211-0071-0050-00 _____

Prior Instrument Reference: Deed dated January 22, 2015, filed February 3, 2015, recorded as Official Records Volume 12812, Page 1802, Hamilton County, Ohio records

3