UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Melisa Jenkins.** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:25-cv-449 |
| | : | |
| v. | : | Judge: Jeffrey P. Hopkins |
| | : | |
| **Rajib Garu, et al.** | : | Magistrate Judge: Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

## DEFENDANTS RAJIB GARU AND IDEALOGIZ GROUP, LLC MEMORANDUM IN OPPOSITION TO PLAINTIFF MELISA JENKINS' MOTION TO CONTINUE

On July 3, 2025, Defendants, Rajib Garu ("Garu") and Idealogiz Group, LLC ("Idealogiz"), filed a motion to dismiss Plaintiff Melisa Jenkins' complaint. Doc # 3. On July 23, 2025, Plaintiff requested an unopposed extension to respond to the motion to dismiss of 21 days. Doc # 5. The Court granted the motion the same day, making responses to the motion due on August 14, 2025. Doc # 6.

On August 7, 2025, Plaintiff again requested another 21 day extension, requesting to respond to Defendants motion to dismiss on September 4, 2025. Doc # 7. Defendants oppose this extension. The basis of the motion to continue is because Plaintiff "discharged" the Phillips Law Firm, John Phillips, and James Hamilton from representation, and Plaintiff's counsel does not want Plaintiff to be prejudiced from her own decisions. *Id.* at PageID 248.

Defendants offered a stipulated 21 extra days to respond to the motion to dismiss, as a matter of courtesy. Defendants continue to believe that the present complaint is frivolous in light of prior determinations in Federal and State court cases. Defendants have served, but delayed filing a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, on July 3, 2025,

1

contemporaneous to the motion to dismiss. The delay in filing was meant to allow Plaintiff and Plaintiff's counsel time to adequately review the motion to dismiss and as a courtesy in light of the extension to respond to the motion to dismiss. The undersigned attaches a declaration in support of this memorandum to this document. For the reasons that follow, the Court should deny the motion to continue as no good cause exists to further extend the deadline to respond.

## I.      Law & Argument

**A.      There is no good cause to extend the time to respond to Defendants' motion to dismiss the complaint a second time.**

Fed. R. Civ. Pro. 6(b)(1)(A) allows a court to extend the time "when an act must be done . . . for good cause . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." "Good cause is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines set by the Court." *Turnbow-Avery v. DeJoy*, S.D.Ohio No. 1:23-cv-571, 2024 U.S. Dist. LEXIS 106417, at *3 (June 14, 2024). "The party seeking an extension must show that it could not have reasonably met the scheduled deadlines despite exercising due diligence." *Id.*

The Court should also consider the prejudice of the nonmovant before finding good cause for the extension. *Id.* A lack of prejudice to the nonmovant is not equivalent to a showing of good cause. *Id.* at *4.

Here, Plaintiff and her counsel have not demonstrated any diligence in responding to the motion to dismiss. Plaintiff discharged her attorney a week before the deadline, which was already extended by 21 days. It is clear that Plaintiff wants to delay the inevitable dismissal of her claims. There is good reason for her desire to delay, she loses negotiating leverage for the Mortgage Idealogiz has on the Mellwood Property if Defendants succeed in their motion to dismiss. Plaintiff has the Mellwood Property under contract for sale, delay assists her in negotiating a more favorable

2

release of the mortgage lien Idealogiz has on the property.

In sum, there is no "good cause" to extend the deadline to respond. The motion for extension and discharging her current counsel are clearly done for a dilatory motive to delay these proceedings and gain a leg up in negotiations.

## II.     Conclusion

For the reasons explained above, this Court should deny Plaintiff's motion for extension to respond to Defendants motion to dismiss, and leave the current deadline of August 14, 2025 in place.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano            0100339
The CMW Law Firm
14 E. Main St.
Fairborn, OH 45324
Tel: (513) 653-0123
Email: tony@cmwlawfirm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of this document was served on all registered ECF participants to the above-captioned case at their email addresses registered with the court on this 8th day of August, 2025.

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano            0100339