

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

MELISA JENKINS,
Plaintiff,

v.

IDEALOGIZ GROUP, LLC,
GARU, and
FORTUNE VINE, LLC,
Defendants.

Case No. 1:25-cv-00449-JPH

## PLAINTIFF'S REPLY TO DECLARATION OF ANTHONY D. MAIORANO AND DEFENSES RAISED THEREIN

Plaintiff Melisa Jenkins, by and through herself, respectfully submits this Reply to the "Declaration of Anthony D. Maiorano" (Doc. 9-1, filed Aug. 8, 2025), and states as follows:

### I. General Objections

1. **Improper Evidence.** The Declaration contains hearsay, speculation, and legal conclusions contrary to **Fed. R. Civ. P. 56(c)(4)**. See **Mitchell v. Toledo Hosp.**, 964 F.2d 577, 584–85 (6th Cir. 1992) (self-serving conclusory affidavits insufficient).

2. **Hearsay.** Statements attributed to realtor Mitchell Kenney are inadmissible. See **North Am. Specialty Ins. Co. v. Myers**, 111 F.3d 1273, 1283 (6th Cir. 1997).

3. **Speculation.** Attorney interpretations about Plaintiff's motives are not competent evidence. See **U.S. Structures, Inc. v. J.P. Structures, Inc.**, 130 F.3d 1185, 1189 (6th Cir. 1997).

4. **Sham Affidavit Doctrine.** To the extent this Declaration conflicts with Defendants' prior filings or documents, it should be disregarded. See **Aerel S.R.L. v. PCC Airfoils, L.L.C.**, 448 F.3d 899, 907–09 (6th Cir. 2006).

---

## II. Paragraph-by-Paragraph Reply

### ¶1 – Attorney Status
Not disputed. Declaration must still comply with Rule 56(c)(4).

### ¶2–4 – Alleged Statements by Realtor Kenney
Denied. These paragraphs are inadmissible hearsay and speculation. Plaintiff never authorized Kenney to negotiate payoff amounts or speak on her behalf.

### ¶5–6 – Negotiation and "Payoff" Characterization
Denied. Plaintiff disputes that payoff discussions were about "disliking" amounts owed. Plaintiff's objections are based on **valid disputes over lien accounting and improper charges**.

### ¶7 – Counsel's Interpretation
Denied. An attorney's subjective "interpretation" is not fact. See **Mitchell, 964 F.2d at 584–85**.

### ¶8–9 – Withdrawal of Counsel and Extension Opposition
Admitted in part. Plaintiff's prior counsel withdrew, but this has no bearing on the validity of Plaintiff's claims. Extensions are procedural under **Rule 6(b)**.

### ¶10 – Alleged Leverage Tactic
Denied. Defendants' speculation about Plaintiff's motives is conjecture. Courts emphasize disputes must be resolved on **merits, not procedural gamesmanship**. See **Ball v. City of Chicago**, 2 F.3d 752, 759 (7th Cir. 1993).

---

## III. Reinforcement of Plaintiff's Substantive Claims

### A. Breach of Contract

- Plaintiff performed under agreements with Defendants, while Defendants failed to perform and improperly encumbered the Mellwood property.

- Elements of breach are met: (1) contract, (2) performance, (3) breach, and (4) damages. See **V & M Star Steel v. Centimark Corp.**, 678 F.3d 459, 465 (6th Cir. 2012).

2

### B. Fraud and Fraudulent Inducement

- Fraud requires misrepresentation, knowledge, intent, reliance, and damages. See **Burr v. Stark Cty. Bd. of Comm'rs**, 23 Ohio St.3d 69 (1986).

- Evidence shows Defendants made material misstatements about lien payoff obligations and property encumbrances to Plaintiff's detriment.

- Ohio law allows extrinsic evidence to prove fraud despite contract integration clauses. See **Galmish v. Cicchini**, 90 Ohio St.3d 22, 27–29 (2000).

### C. Lien Disputes / Accounting Errors

- Defendants' assertion that liens exceed fair payoff is disputed. Plaintiff contests lien validity, including inflated charges and failure to credit payments.

- Unsupported attorney declarations cannot substitute for documentary proof. See **Rule 56(c)(1)(A)**.

### D. Misnomer and Party Identification

- To the extent Defendants argue "Fortune Vine Realty" is not the same as **Fortune Vine, LLC**, this is a **misnomer**, not a defense. Courts allow correction where the intended party had notice and no prejudice results. See **Civ. R. 15(C); Amerine v. Haughton Elevator Co.**, 42 Ohio St.3d 57 (1989).

### E. Piercing the Veil (Pled in the Alternative)

- If Defendants attempt to evade liability by shifting blame among related entities, Ohio permits veil-piercing where control was used to commit fraud and injury resulted. See **Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos.**, 67 Ohio St.3d 274 (1993); **Dombroski v. WellPoint, Inc.**, 119 Ohio St.3d 506 (2008).

## F. Bad Faith Conduct and Broken Promises

1. **Defendants' Counsel's Representations.** Plaintiff asserts that both **Anthony D. Maiorano** and **Mr. Neiberding** represented to Plaintiff that the lien payoff amount **would be lowered**. These assurances were made directly during negotiations concerning the Mellwood property.

3

2. **Broken Promises and Escalation.** Despite these assurances, Defendants engaged in a pattern of **bad faith conduct**:

    - Raising the lien demand instead of lowering it;
    - Citing and compounding **late fees** that were within Defendants' control;
    - Intentionally stalling the property sale process to pressure Plaintiff; and
    - Exploiting Plaintiff's position by **inflating payoff demands** in order to extract more money.

3. **Bad Faith in Litigation.** Courts recognize that litigation conduct designed to extract advantage—particularly through broken promises and shifting payoff terms—constitutes **bad faith**. See **Evans v. Jeff D., 475 U.S. 717, 726 n.15 (1986)** (bad faith includes conduct "for oppressive reasons"); **First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002)** (sanctions appropriate where party advances claims or defenses in bad faith).

4. **Equitable Principles.** Defendants' conduct violates the duty of **good faith and fair dealing** implied in every Ohio contract. See **Littlejohn v. Parrish**, 163 Ohio App.3d 456, 463 (2005) (every contract carries obligation of good faith performance). By making promises to lower payoff amounts, then reversing and increasing them through procedural delay, Defendants have breached this duty. Evidence submitted in attachments on **RESPONSE TO MOTION FOR RULE 11 SANCTIONS**

5. **Resulting Injury.** Plaintiff was harmed by:

    - Lost opportunities to close a valid sale;
    - Accrued late fees caused by Defendants' stalling; and
    - Increased litigation costs forced by Defendants' exploitative tactics.

## IV. Relief Requested

For these reasons, Plaintiff respectfully requests that this Court:

1. Strike or disregard inadmissible portions of the Declaration (¶¶2–7, 10);
2. Deny Defendants' reliance on the Declaration for any dispositive relief;

3. Recognize Plaintiff has stated and supported valid claims for breach of contract, fraud, and improper liens; and

4. Grant such other relief as the Court deems just and proper
5. Take judicial notice of Defendants' bad faith conduct, including broken promises regarding payoff amounts;

6. Disallow Defendants from profiting from their own delay (by tacking on late fees caused by their stalling); and

7. Award Plaintiff all appropriate remedies available for fraud, breach of contract, and bad faith litigation practices.

---

Respectfully submitted,

Date: 9/4/2025 , 2025

**/s/ Melisa Jenkins**
Melisa Jenkins, Plaintiff Pro Se
[Address]
[City, State ZIP]
[Phone]
[Email]

Served via email to counsel for defendant

Exhibits attached to Response to Motion for Rule 11 Sanctions

5

**OHIO JURAT**
§147-551

State of Ohio
County of _Hamilton_ } ss.

Sworn to or affirmed and subscribed before me by

_Melisa Jenkins_
Name of Person Making Jurat

this date of _09/04/2025_.
Date

_[signature]_
Signature of Notary Public Administering Jurat

_Notary Public_
Title or Rank

_04/30/2029_
Commission Expiration Date

[Notary Seal: KRISTIAN JEREMIAH JOHNSON - NOTARY PUBLIC - COMM EXP: APR 30, 2029 - STATE OF OHIO]
Affix Seal Here

— OPTIONAL —

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document: US District Court Southern District of OH
Title or Type of Document: Plantiff's reply to Declaration of Anthony P. Maiorano & Defenses raised therein.
Document Date: 09/04/2025   Number of Pages: 5
Signer(s) Other Than Named Above: N/A

©2019 National Notary Association

M1908-06 (09/19)