# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

MELISA JENKINS,
Plaintiff,

v.

IDEALOGIZ GROUP, LLC,
GARU, and
FORTUNE VINE, LLC,
Defendants.

Case No. 1:25-cv-00449-JPH

---

# PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE SANCTIONS AND ESCROW OF MELLWOOD PROPERTY PROCEEDS

---

## Introduction

Plaintiff Melisa Jenkins respectfully moves this Court for immediate sanctions against Defendants and their counsel for egregious bad faith conduct and requests an order directing that the proceeds, to defendant, of the pending sale of **4457 Mellwood Avenue, Cincinnati, OH** be placed in escrow under Court supervision until this litigation is resolved.

Defendants and their counsel have engaged in a deliberate pattern of fraudulent payoff demands, broken promises, and procedural manipulation designed to exploit Plaintiff, extract additional sums, and weaponize foreclosure in bad faith.

## Legal Framework for Sanctions

Federal courts possess both inherent and rule-based authority to impose sanctions immediately when parties or counsel engage in misconduct. Four primary sources apply here:

1. **Court's Inherent Power** – Courts may sanction parties or attorneys who act "in bad faith, vexatiously, wantonly, or for oppressive reasons." **Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)**.

2. **Fed. R. Civ. P. 12(f)** – Authorizes striking "immaterial, impertinent, or scandalous matter" from pleadings. Inadmissible speculation and bad faith accusations in the Maiorano Declaration (Doc. 9-1, ¶¶2–7, 10) qualify under this standard.

3. **Fed. R. Civ. P. 56(c)(4)** – Requires that affidavits/declarations be made on personal knowledge, present admissible facts, and show competency to testify. Conjecture and hearsay offered by Defendants' counsel are inadmissible.

4. **Fed. R. Civ. P. 11** – Imposes sanctions where pleadings or filings are presented for improper purposes, such as harassment, delay, or needlessly increasing litigation costs, or where factual contentions lack evidentiary support. **First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002)**.

---

## Application of Rule 11 to This Case

Rule 11 is particularly apt here because Defendants' filings:

- Assert factual contentions that are demonstrably false (claiming payoff amounts remain due despite full repayment of principal before maturity);

- Advance affidavits based on hearsay and speculation (counsel attributing motives to Plaintiff without admissible support);

- Are used for improper purposes — namely, to stall the Mellwood property sale, inflate late fees, and coerce Plaintiff through foreclosure.

This conduct reflects the exact **egregious bad faith and malice** that Rule 11 was designed to deter.

## Request for Escrow of Mellwood Property Proceeds

To protect Plaintiff's rights while allowing the transaction to proceed without prejudice to innocent buyers, Plaintiff requests that this Court order that **net proceeds, TO GARU/IDEALOGIZE ET AL., of the Mellwood Avenue sale as stated in the be deposited into escrow under Court authority** pending resolution of this litigation.

This relief ensures:

- Buyers may close without cloud of foreclosure;

- Defendants cannot dissipate disputed funds;

- Plaintiff's claims to repayment and damages are preserved.

Courts regularly employ escrow as equitable relief where property or funds are disputed. See **SEC v. Quan, 817 F.3d 583, 589–90 (8th Cir. 2016)** (upholding escrow to preserve disputed funds).

---

## Requested Relief

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **Impose immediate sanctions** against Defendants and their counsel under the Court's inherent power and Rules 12(f), 56(c)(4), and 11;

2. **Strike speculative and inadmissible portions** of the Maiorano Declaration;

3. **Order the proceeds of the Mellwood Avenue sale be held in escrow** pending final resolution of this action;

4. Award Plaintiff costs and fees associated with responding to Defendants' bad faith filings; and

5. Grant such further relief as the Court deems just and proper.

3

Respectfully submitted,
Date: 9/4/2025 , 2025

/s/ Melisa Jenkins
Plaintiff Pro Se
[Address]
[City, State ZIP]
[Phone]
[Email]

COPIES HAVE BEEN SERVED IN PERSON AND IN ELECTRONIC FORMAT TO DEFENDANT COUNSEL AND WILL BE SENT TO TITLE COMPANY

exhibits attached to response to Motion for Rule 11 Sanctions

Closing is scheduled for 9/9/2025

4

Case: 1:25-cv-00449-JPH Doc #: 12 Filed: 09/04/25 Page: 5 of 5  PAGEID #: 271

**OHIO JURAT**
§147-551

State of Ohio
County of __Hamilton__ } ss.

Sworn to or affirmed and subscribed before me by
__Melisa Jenkins__
Name of Person Making Jurat

this date of __09/04/2025__.
Date

__[signature]__
Signature of Notary Public Administering Jurat

__Notary Public__
Title or Rank

__04/30/2029__
Commission Expiration Date

[Notary Seal: KRISTIAN JEREMIAH JOHNSON – NOTARY PUBLIC, COMM EXP: APR 30, 2029, STATE OF OHIO]

---- OPTIONAL ----

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document __US District Court, Southern District of Ohio__
Title or Type of Document: __Plaintiff's Emergency Motion for Immediate Sanctions & Escrow of Mellwood property proceeds__
Document Date: __9/4/2025__  Number of Pages: __4__
Signer(s) Other Than Named Above: __N/A__

©2019 National Notary Association

M1908-06 (09/19)