

# MOTION FOR SANCTIONS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

MELISA JENKINS,
Plaintiff,

v.

IDEALOGIZ GROUP, LLC,
GARU, and
FORTUNE VINE, LLC,
Defendants.

Case No. 1:25-cv-00449-JPH

---

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL FOR BAD FAITH CONDUCT

### Introduction

Plaintiff respectfully moves for sanctions against Defendants' counsel, Anthony D. Maiorano and Mr. Neiberding, for engaging in bad faith litigation practices designed to obstruct resolution, inflate costs, and exploit Plaintiff.

### Grounds for Sanctions

1. **Broken Promises Regarding Payoff.** Defendants' counsel represented to Plaintiff that the lien payoff amount would be lowered. Plaintiff relied on those assurances in attempting to move forward with a property sale.

2. **Reversal and Bad Faith Escalation.** After making such assurances, Defendants raised their demands, citing late fees while simultaneously stalling the sale process. This is classic **bad faith negotiation**, designed to pressure Plaintiff and extract unfair advantage.

3. **Improper Motive.** Counsel's declaration (Doc. 9-1) admits to intertwining payoff demands with procedural tactics (¶¶6–10), showing the true motive was to delay

1

proceedings and leverage litigation deadlines to Plaintiff's detriment.

4. **Legal Standard.**

    - Courts have inherent power to sanction parties and attorneys who act in bad faith. **Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991).**

    - Bad faith includes conduct that is "vexatious, wanton, or for oppressive reasons." **Evans v. Jeff D., 475 U.S. 717, 726 n.15 (1986).**

    - The Sixth Circuit authorizes sanctions where a party or counsel advances positions in bad faith. **First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002).**

**Requested Relief**

Plaintiff respectfully requests that the Court:

1. Sanction Defendants' counsel for bad faith conduct;

2. Prohibit Defendants from raising or collecting any late fees generated during their intentional delay;

3. Award Plaintiff reasonable costs and fees incurred responding to the improper Declaration and related bad faith practices; and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted
/s/ Melisa Jenkins
Plaintiff Pro Se

*[Handwritten note:]* served via email to defendant counsel. Exhibits attached to Response to Motion for Rule 11 Sanctions. Closing is set for 9/9/2025

2

**OHIO JURAT**
§147-551

State of Ohio
County of __Hamilton__ } ss.

Sworn to or affirmed and subscribed before me by
__Melisa Jenkins__
Name of Person Making Jurat

this date of __09/04/2025__.
Date

__[signature]__
Signature of Notary Public Administering Jurat

__Notary Public__
Title or Rank

__04/30/2029__
Commission Expiration Date

[Notary Seal: KRISTIAN JEREMIAH JOHNSON - NOTARY PUBLIC, COMM EXP: APR 30, 2029, STATE OF OHIO]

---- OPTIONAL ----

Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

Description of Attached Document __US District Court, Southern District of OH__
Title or Type of Document: __Plantiff's Motion for Sanctions Against Defense Counsel for Bad Faith Conduct__
Document Date: __09/04/2025__ Number of Pages: __2__
Signer(s) Other Than Named Above: __N/A__

©2019 National Notary Association

M1908-06 (09/19)