UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Melisa Jenkins.** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:25-cv-449 |
| | : | |
| v. | : | Judge: Jeffrey P. Hopkins |
| | : | |
| **Rajib Garu, et al.** | : | Magistrate Judge: Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

### DEFENDANTS RAJIB GARU AND IDEALOGIZ GROUP, LLC OMNIBUS RESPONSE TO PLAINTIFF'S REPLY TO DECLARATION, PLAINTIFF'S MOTION FOR SANCTIONS, MOTION TO STRIKE LATE FEES, MOTION TO ESCROW PROCEEDS FROM SALE OF THE PROPERTY, AND PLAINTIFF'S RESPONSE TO MOTION FOR RULE 11 SANCTIONS

Defendants, Rajib Garu ("Garu") and Idealogiz Group, LLC ("Idealogiz" and collectively with Garu "Defendants"), filed a motion to dismiss Plaintiff's complaint on July 3, 2025. Plaintiff's then-counsel responded to the motion on July 23, 2025 requesting a 21 day extension to respond to the motion, which Defendants did not oppose. *See* Doc # 5. The Court granted the motion the same day. Doc # 6. On August 7, 2025, Plaintiff again requested another 21 day extension, requesting to respond to Defendants motion to dismiss on September 4, 2025. Doc # 7. The Court issued a notation order on August 8, 2025, granting Plaintiff's motion for extension making the response to Defendants' motion to dismiss due on September 4, 2025. On August 14, 2025, the Court granted Plaintiff's then-counsels' motion to withdraw, leaving Plaintiff as a *pro se* litigant.

On September 4, 2025, Plaintiff filed five separate filings, that the undersigned counsel has a hard time understanding there relation to the only presently pending motion, i.e., Defendants' motion to dismiss. Doc # 3. Specifically, Plaintiff filed a "reply to declaration of Anthony D. Maiorano and defenses raised therein," Doc # 10, "Plaintiff's motion to strike late fees and

1

preclude defendants from profiting from delay," Doc # 11, "Plaintiff's emergency motion for immediate sanctions and escrow of mellwood property proceeds," Doc # 12, "Plaintiff's motion for sanctions against defense counsel for bad faith conduct," Doc # 13, and "Plaintiff Melisa Jenkins, et al., response to motion for rule 11 sanctions." Doc # 14. Along with the response to motion for rule 11 sanctions, Plaintiff filed 180 pages of exhibits, Doc # 14-1, PageID ## 299–478.

Defendants respond, initially, to "Plaintiff Melisa Jenkins, et al., response to motion for rule 11 sanctions" and attached exhibits. Specifically, Defendants have not yet and do not intend to file a motion for Rule 11 sanctions at present. The motion for Rule 11 sanctions served on Plaintiff's prior counsel was directed primarily toward Plaintiff's prior counsel, and the undersigned has no intention to file said motion when Plaintiff is proceeding *pro se*. Further, a response without a motion filed should be stricken. *See Stenberg v. Groff*, No. 2:24-cv-13112, 2025 U.S. Dist. LEXIS 132655, at *4 (E.D. Mich. July 11, 2025) (holding that plaintiff's motion containing impertinent materials could be stricken). As such, Defendants respectfully request this court strike Doc # 14 and 14-1 from the docket as frivolously filed.

Next, Defendants responds to "Plaintiff's reply to declaration of Anthony D. Maiorano and defenses raised therein." Doc # 10. Specifically, the declaration of the undersigned counsel was attached to the memorandum in opposition to Plaintiff's second request for extension. The Court has already ruled on said motion, thereby making the reply to the declaration moot.

Third, Defendants respond to "Plaintiff's motion to strike late fees and preclude defendants from profiting from delay." Doc # 11. This appears to be a substantive argument going to the merits of the claims Plaintiff asserts. To the extent that Plaintiff is arguing some sort of delay tactic, Defendants do not oppose a brief additional extension to respond to Defendants' motion to dismiss

as efforts were made to reach a resolution of this case. However, Defendants deny bad faith, and Plaintiff's request is not supported by any evidence, especially considering her claims are barred as asserted in the motion to dismiss.

Fourth, Defendants respond to "Plaintiff's emergency motion for immediate sanctions and escrow of mellwood property proceeds." Doc # 12. This motion is unintelligible for many reasons. First, there are no proceeds as a sale has not yet happened. Second, Plaintiff cites Rule 11, without going through the procedural hurdles of serving a motion and allowing 21 days for the opposing party to cure. The only possible sanction that could happen is under the Court's inherent authority.

"Federal courts possess '[c]ertain implied powers' to operate the institution of the judiciary 'because they are necessary to the exercise of all others.'" *Armstrong v. Comm'r of Soc. Sec.*, 95 F. Supp. 3d 1049, 1052 (E.D. Mich. 2015) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). This can be done when attorneys employ tactics to avoid complying with court orders. *Id.* (citing *Chambers*, 501 U.S. at 46). However, this authority it typically used based on attorney's filings demonstrating a "wanton abuse of the judicial process." *Id.* at 1053.

Negotiating, or attempting to come to a resolution is hardly bad faith. To the contrary, negotiations often increase the judicial economy and resolve cases faster. There was a breakdown in negotiations for a myriad of reasons, here, but that does not negate that negotiations were engaged in with good faith. Further, as explained above, to the extent that Plaintiff wishes to have a further extension to respond to the merits of the motion to dismiss, Defendants do not oppose because there were good faith negotiations ongoing during the last 21-day period, and the Court should find good cause for said extension if it is sought.

Finally, Defendants respond to "Plaintiff's emergency motion for immediate sanctions and escrow of mellwood property proceeds." Doc # 13. This appears to largely be a recitation of Doc # 12. This is largely unintelligible, like most of Plaintiff's *pro se* filings as well. In other words, the Court should deny this motion on its merits as well.

I. **To The Extent The Court Considers Any Of Plaintiff's Aforementioned Filings A Response To Defendants' Motion To Dismiss, Defendants Emphasize That Plaintiff Has Not Shown She Is Entitled To Relief Under The Federal Rules Of Civil Procedure.**

As stated above, Plaintiff filed five separate documents in this Court on September 4, 2025. They are all incredibly disorganized and largely do not address the merits of the motion to dismiss. However, Defendants attempt to respond to Plaintiff's opposition to the extent the Court construes the documents collectively or individually as a response.

First and foremost, Plaintiff does not cite any standard for review on a 12(b)(6) motion, indicating that she does not dispute the requirements asserted in Defendants' motion to dismiss.

    A. *Res Judicata* **Applies To Counts 1, 2, 3, and 7**

Plaintiff does not really dispute that her adversary complaint was dismissed for failure to prosecute. Instead, she appears to argue that the Bankruptcy Court got it wrong when it dismissed her complaint and refused to reopen the complaint on a motion to reopen. *See* Doc # 14, PageID # 275–277. For instance, Plaintiff indicates that the adversary complaint was done in good faith, and dismissal for failure to prosecute is a harsh remedy, therefore, the dismissal had to be without prejudice. *See id.*

This is the exact sort of argument that *could have been made and was made* in the Bankruptcy Court. Plaintiff could have appealed the ruling dismissing her adversary complaint, but didn't. Plaintiff did try to reopen those proceedings and the Bankruptcy Court denied reopening.

4

Importantly, Plaintiff does not cite any case law, statute, or legal source that indicates dismissals for failure to prosecute are anything besides an adjudication on the merits. Defendants cite ample authority that dismissals for failure to prosecute are adjudications on the merits. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009). Instead, Plaintiff cites to *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) and *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591-92 (6th Cir. 2001).

*Mulbah* involves a direct appeal after a district court dismissed an action by the plaintiff for failure to prosecute. 261 F.3d at 587. *Harmon* involved dismissal as a discovery sanction under Federal Rule of Procedure 37 and for failure to prosecute on a direct appeal. 110 F.3d at 366.

Plaintiff also cited *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962), where the United States Supreme Court affirmed a district court's dismissal of a plaintiff's negligence action for the failure of his counsel to attend a pretrial conference, *Ball v. City of Chi.*, 2 F.3d 752, 760 (7th Cir. 1993), where the Seventh Circuit affirmed a dismissal for failure to prosecute based on plaintiff's counsel's negligent conduct, and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 191 (6th Cir. 1986), where the Sixth Circuit vacated an order denying a motion to set aside a default judgment on appeal.

Later on in that same filing, she does cite Ohio substantive law that indicates *res judicata* does not apply when a dismissal is without prejudice. Doc # 14, PageID # 281. Defendants do not dispute this. However, Federal Law regarding dismissals apply to federal cases, including bankruptcy cases. Plaintiff also fails to acknowledge that a dismissal for failure to prosecute is a dismissal on the merits.

In other words, Plaintiff's claims under counts 1, 2, 3, and 7 are clearly barred by *res judicata*, as explained more fully in the principal motion to dismiss.

### B. Counts 1 through 7 are barred by judicial estoppel as to Idealogiz Group

Plaintiff fails to substantively respond to the judicial estoppel arguments made by Idealogiz Group, LLC. As such, Plaintiff cannot point to anything inside the complaint, its exhibits, or the bankruptcy filings that indicate judicial estoppel would not apply to Idealogiz Group as to counts 1 through 7 of the complaint. As explained more fully in the motion to dismiss, these counts must be dismissed as against Idealogiz Group, LLC.

### C. Counts 4 through 6 are barred by judicial estoppel as to Rajib Garu.

Plaintiff fails to substantively respond to the judicial estoppel arguments made by Garu. For the same reasons stated above, counts 4 through 6 should be dismissed against Garu.

### D. Plaintiff fails to substantively respond to the motion to dismiss outside of the Truth In Lending Act.

In all of Plaintiff's filings, she does not respond to the assertions that count 4 is barred by the statute of limitations, that count 1 fails to plead a written contract, that count two fails to state a claim because of a lack of a signed writing, the unjust enrichment is inapplicable because Plaintiff's own attachments indicate there was an exchange of value and because Sustenance Design Cincy, LLC is not a party, counts 5 and 6 fail to describe the goods retained, count 7 fails to plead fraud, and that veil piercing is not a cause of action. Plaintiff may have cited a case or two, but never tied the facts in the complaint to oppose dismissal. This is fatal.

### E. Plaintiff failed to plead a Truth In Lending Act violation under the *Iqbal/Twombly* Standard.

Plaintiff completely fails to point to or correct the vague assertions that Defendants received the request for payoff and failed to respond within seven days. As explained more thoroughly in the principal motion to dismiss, the lack of time between the first "request for

payoff" being sent and suit being filed suggests that Plaintiff is unable to plead receipt because it did not occur prior to filing the complaint.

## II. Conclusion

For the reasons explained above, this Court should dismiss Plaintiff's complaint for failure to state a claim, with prejudice, deny all of Plaintiff's ancillary motions or strike the same, and terminate this action.

>Respectfully submitted,
>
>*/s/ Anthony D. Maiorano*
>Anthony D. Maiorano          0100339
>The CMW Law Firm
>14 E. Main St.
>Fairborn, OH 45324
>Tel: (513) 653-0123
>Email: tony@cmwlawfirm.com
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of this document was served on all registered ECF participants to the above-captioned case at their email addresses registered with the court on this 4th day of September, 2025.

>*/s/ Anthony D. Maiorano*
>Anthony D. Maiorano          0100339